Filed 11/4/20  P. v. Hendrix CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVON TERRILE HENDRIX,<br><br>    Defendant and Appellant. | F079934<br><br>(Super. Ct. No. F16907410)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for defendant Davon Terrile Hendrix asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, asserting he is entitled to presentence custody credits beginning on May 9, 2019, and that his custodian incorrectly calculated his release date. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On November 11, 2016, defendant parked his 2002 BMW in the back of a convenience store in Fresno. Defendant walked into the store and entered the office where he took a plastic bank bag containing $71,777. He placed the bag under his shirt, exited out the back door and drove away. Defendant subsequently was arrested and told the police that he committed the theft on his own.[1]

On December 14, 2016, the Fresno County District Attorney filed a felony complaint charging defendant with grand theft of personal property (Pen. Code, § 487, subd. (a);[2] count 1), and second degree commercial burglary (§ 459/460, subd. (b); count 2). With respect to count 1, the district attorney alleged the value of the property exceeded $65,000 (§ 12022.6, subd. (a)(1)). Additionally, the district attorney alleged defendant had suffered four prior prison terms (§ 667.5, subd. (b)).

On February 22, 2018, defendant pled no contest to count 1 pursuant to *People v. West* (1970) 3 Cal.3d 595, on the condition he could argue for a split sentence of three years. The remaining counts and allegations were dismissed.

The matter came on for sentencing on May 22, 2018. It is unclear what occurred. The reporter's transcript for that date indicates defendant failed to appear and a bench

---

[1]    The facts underlying the crimes are taken from the probation officer's report.

[2]    Subsequent statutory references are to the Penal Code.

warrant was issued. However, a minute order for that date states the matter was heard by a different judge, was continued at defendant's request, and that new counsel was appointed for purposes of determining whether there were grounds for withdrawing defendant's plea.

The matter again came on for hearing on June 26, 2018, before the judge who took defendant's plea. The court and counsel expressed confusion regarding the state of defendant's representation. The court ultimately resolved to conduct a *Marsden*[3] hearing to determine whether defendant's prior counsel should be relieved. The matter was continued.

At the continued hearing date of July 18, 2018, defendant failed to appear and a bench warrant was issued.

The matter did not come on for hearing again until May 15, 2019. On that date, the court determined that defendant's new counsel remained appointed for the limited purpose of determining whether there were grounds for withdrawing the plea, and the matter was again set for a *Marsden* hearing.

On May 23, 2019, the court conducted a *Marsden* hearing and denied defendant's request for new counsel. The matter was set for sentencing and for hearing on a motion to withdraw the plea.

On June 21, 2019, defendant withdrew his request for counsel to look into withdrawing his plea. The court heard argument on sentencing. Defendant requested a hearing on the issue of restitution. Ultimately, sentencing was continued at the request of defense counsel.

On July 12, 2019, the matter again came on for sentencing, as well as for a hearing on the amount of restitution. The People requested a continuance of the restitution hearing. Defense counsel requested that the sentencing and the restitution hearing be

---

**3**      *People v. Marsden* (1970) 2 Cal.3d 118.

3.

conducted at the same time. Due to scheduling conflicts, the hearing could not immediately be reset. However, the court noted that defendant was then serving a sentence in another case and was not receiving time credits in the instant case while sentencing was pending. The People therefore agreed to allow defendant to accrue time credits from the date of the July 12, 2019 hearing. The court explained to defendant, "You're technically you're [*sic*] not entitled to those because you're a sentenced prisoner on another matter but with the agreement of the District Attorney, I'm willing to start giving you time credits today on this case." The matter was then continued.

A restitution hearing was held on August 13, 2019. Following testimony from the probation officer, the court declined to order restitution but offered the People an opportunity to present testimony from the victims at a later date. Sentencing was continued.

On September 5, 2019, the matter again came on for sentencing. The parties stipulated to a restitution amount of $25,000. The court then sentenced defendant on count 1 to the upper term of three years, to be served in county jail. The court declined to impose a split term on the ground that defendant was on supervised release at the time of the offense, had multiple prior violations of supervision, and had an extensive criminal history. The court awarded defendant time credits for 58 actual days of credit and 58 days of conduct credit, for a total of 116 days. The court denied defendant's request for time credits dating back to December 19, 2018, the date on which he was taken into custody in another case. The court also denied defendant's request for time credits dating back to February 2, 2019, the date on which he sent a section 1381 demand to the court. In light of the significant amount of restitution, the court waived all other fines and fees.

On September 6, 2019, defendant timely filed a notice of appeal based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

**DISCUSSION**

In a letter brief, defendant contends that he was entitled to presence credits beginning on May 9, 2019. Defendant is incorrect. He is not entitled to presence credits in the instant case for time served in custody that is attributable to a different proceeding. (§ 2900.5, subd. (b).) Although defendant states he was held in Fresno County pending sentencing between May 9, 2019, and the September 5, 2019 sentencing hearing, he was a sentenced prisoner in another case during that period.[4] Defendant therefore was not entitled to receive time credits until September 5, 2019, but nonetheless was afforded credits beginning on July 12, 2019, as agreed to by the parties and the court. The record reflects that the court ordered time credits pursuant to that agreement.

To the extent the court erred in calculating credits, it did so in defendant's favor. The period from and including July 12, 2019, to and including September 5, 2019, constitutes 56 days. Defendant was entitled to one additional day of credit for time spent in custody in 2016, for total actual credits of 57 days. Nonetheless, the probation department calculated that defendant was entitled to 58 actual days of credit, and the People did not object to that calculation. The court therefore orally held that defendant was entitled to 58 days of actual credit and 58 days of conduct credit, for a total of 116 days. The abstract of judgment correctly reflects the court's oral pronouncement of judgment. Because the People agreed to this calculation, we will not order it corrected.

Finally, to the extent defendant believes his custodian has miscalculated his release date, he may raise this issue in a petition for writ of habeas corpus, as it is not properly before us in this direct appeal of the trial court's judgment.

---

**4** On December 19, 2018, defendant became a sentenced prisoner in Glendale Superior Court case No. GA100860-01. He remained a sentenced prisoner in that case on September 5, 2019, the date of sentencing in the instant case.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

<u>**DISPOSITION**</u>

The judgment is affirmed.